# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JESSICA WAGONER, *on behalf of herself and all those similarly situated,*<br>870 E Rt. 130, Apt S6<br>Burlington, NJ 08016<br><br>            Plaintiff,<br>     vs.<br><br>RED RAVEN PUB<br>246-266 Lincoln Highway<br>Fairless Hills, PA 19030<br><br>And<br><br>JOHN DOES 1-10<br>c/o RED RAVEN PUB<br>246-266 Lincoln Highway<br>Fairless Hills, PA 19030<br><br>            Defendants. | **INDIVIDUAL COLLECTIVE AND CLASS ACTION COMPLAINT**<br><br>**JURY DEMAND** |

## INDIVIDUAL AND COLLECTIVE ACTION COMPLAINT

1.      Named Plaintiff Jessica Wagoner (hereinafter "Named Plaintiff"), on behalf of herself and all those similarly situated, by and through undersigned counsel, hereby complains as follows against Defendant Red Raven Pub and Defendant John Does 1-10 (hereinafter collectively "Defendants").

## INTRODUCTION

2.      Plaintiff initiates the instant action to redress violations by Defendants of the Fair Labor Standards Act ("FLSA")[1], the Pennsylvania Minimum Wage Act, the Pennsylvania Wage

---

[1] Named Plaintiff's consent form to join the collective action is attached hereto as Exhibit A.

1

Payment Collection Law, and common law. Defendants willfully refused to pay a minimum wage, unlawfully requested, demanded and/or received wages from employees, unlawfully demanded, accepted and/or retained a part of gratuities or charges purported to be gratuities, and unlawfully deducted employee wages through fines and penalties for lateness and misconduct. Defendants have willfully engaged in a pattern, policy, and practice of unlawful conduct for the actions alleged in this Complaint, in violation of the federal and state rights of the Named Plaintiff and similarly situated individuals. As a result of Defendants' unlawful actions, Plaintiffs have been harmed.

## JURISDICTION AND VENUE

3. This Court, in accordance with 28 U.S.C. § 1331, has jurisdiction over Named Plaintiff's federal claims because this civil action arises under a law of the United States and seeks redress for violations of a federal law, 29 U.S.C. § 201 *et seq*. This Court has supplemental jurisdiction over related state law claims because such claims arise out of the same circumstance and are based upon a common nucleus of operative fact.

4. This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice.

5. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this judicial district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district and Defendants are deemed to reside where it is subject to personal jurisdiction, rendering Defendants a resident of this judicial district.

## PARTIES

6. The foregoing paragraphs are incorporated herein as if set forth in full.

7. Named Plaintiff is an adult individual residing at the address as set forth in the caption.

8. Defendant Red Raven Pub is a corporation that maintains a business address as set forth in the caption.

9. Defendants John Doe 1 through John Doe 10 are presently unknown persons who directly or indirectly, directed, aided, abetted and/or assisted with creating and/or executing the policies and practice of Defendants which resulted in Defendants failing to pay Plaintiffs proper compensation pursuant to the FLSA and Pennsylvania Wage Laws.

10. "Collective Action Plaintiffs" refers to current and/or former "Entertainers" or similar positions with Defendants, who performed worked for Defendants and for whom Defendants classified as "Independent Contractors" within the last three (3) years.

11. "Pennsylvania Plaintiffs" refers to current and/or former "Entertainers" or similar positions with Defendants, who performed work for Defendants and for whom Defendants classified as "Independent Contractors" within the last three (3) years.

12. At all times relevant herein, Defendants acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

13. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

14. In addition to bringing this action individually, Named Plaintiff brings this action for violations of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who worked for Defendants as an entertainer at any point during the three years preceding the date the instant action was initiated, who were subject to Defendants'

unlawful pay practices and policies discussed herein (the members of this putative class are referred to as "Collective Plaintiffs").

15. Named Plaintiff's claims are typical of the claims of the Collective Plaintiffs because Named Plaintiff, like all Collective Plaintiffs, was an employee of Defendants within the last three years whom Defendants failed to properly pay at least the minimum wage for all hours worked as required by the Fair Labor Standards Act ("FLSA").

16. There are numerous similarly situated current and former employees of Defendants who were compensated improperly for overtime work in violation of the FLSA and who would benefit from the issuance of a Court Supervised Notice of the instant lawsuit and the opportunity to join in the present lawsuit.

17. Similarly situated employees are known to Defendants, are readily identifiable by Defendants, and can be located through Defendants' records. Therefore, Named Plaintiff should be permitted to bring this action as a collective action for and on behalf of herself and those employees similarly situated, pursuant to the "opt-in" provisions of the FLSA, 29 U.S.C. § 216(b).

## PENNSYLVANIA CLASS ACTION ALLEGATIONS

18. Named Plaintiff brings her claims asserting violations of the Pennsylvania Wage Laws as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of herself and on behalf of all persons presently and formerly employed by Defendants in Pennsylvania as Entertainers and/or similar positions with similar non-exempt duties, and who were subject to Defendants' unlawful pay practices and policies at any point in the three years preceding the date the instant action was initiated (members of this putative class are referred to as "Class Plaintiffs").

19. The class is so numerous that the joinder of all class members is impracticable. Named Plaintiff does not know the exact size of the class, as such information is in the exclusive control of Defendants; however, on information and belief, the number of potential class members is estimated to be at least forty (40) employees.

20. Named Plaintiff's claims are typical of the claims of the Class Plaintiffs because Named Plaintiff, like all Class Plaintiffs, was an employee of Defendants within the last three (3) years whom Defendants failed to properly pay at least the minimum wage as required by Pennsylvania Wage Laws, and unlawfully deducted wages by imposing fines or penalties for lateness or misconduct, which resulted in reducing wages below the statutory minimum, in violation of Pennsylvania Wage Laws.

21. Named Plaintiff will fairly and adequately protect the interests of the Pennsylvania Plaintiffs because Named Plaintiff's interests are coincident with, and not antagonistic to, those of the class. Named Plaintiff has retained counsel with substantial experience in the prosecution of claims involving employee wage disputes.

22. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action. The class will be easily identifiable from the Defendants' records.

23. A class action is superior to other available methods for the fair and efficient adjudication for this controversy. Such treatment will allow all similarly situated individuals to prosecute their common claims in a single forum simultaneously. Prosecution of separate actions by individual members of the putative class would create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for Defendants. Furthermore, the amount at stake for individual putative class

members may not be great enough to enable all of the individual putative class members to maintain separate actions against Defendants.

24. Questions of law and fact that are common to the members of the class predominate over questions that affect only individual members of the class. Among the questions of law and fact that are common to the class are whether Defendants misclassified Named Plaintiff and Pennsylvania Plaintiffs as independent contractors and whether Defendants unlawfully deducted from Named Plaintiff's and Pennsylvania Plaintiffs' wages.

## FACTUAL BACKGROUND

25. The foregoing paragraphs are incorporated herein as if set forth in full.

26. Named Plaintiff worked as an entertainer for Defendants in Pennsylvania from in or around February 2018 to early July 2018.

27. Named Plaintiff worked approximately 30 to 40 hours a week during her tenure with Defendants.

28. Defendants improperly classified Named Plaintiff and other entertainers as independent contractors.

29. Defendants promulgated rules, known as "House Rules," that Named Plaintiff was required to follow or be subjected to fees and/or fines levied by Defendants.

30. At all times relevant herein, Defendants determined its hours of operation.

31. At all times relevant herein, Defendants determined Named Plaintiff's work schedule.

32. At all times relevant herein, Defendants determined the method of payment for dances performed by Named Plaintiff.

33. At all times relevant herein, Defendants communicated to Named Plaintiff that she was subject to discipline, including removal of "good standing" and termination for failing to sell personal dances, failing to appear and complete a scheduled performance date, refusing to appear on stage as scheduled, refusing to participate in promotions on site during a performance date, and failing to conform to other House Rules.

34. Defendants did not pay Named Plaintiff any wages for any worked performed for Defendants during her entire tenure with Defendants.

35. Named Plaintiff's only income was non-wage gratuities paid by patrons.

36. Defendants required Named Plaintiff to pay various fees from such income, including but not limited to:

   a. A minimum mandatory fee of at least $25.00 per each shift worked, called a "house fee";
   b. A minimum mandatory fee of at least $10.00 per each dance;
   c. A minimum mandatory fee of at least $70.00 per each private room booking;
   d. A minimum mandatory fee of at least $10.00 to the bouncer per each shift; and
   e. A minimum mandatory fee of at least $10.00 to the bartender at the end of each shift.

37. Defendants required Named Plaintiff to pay various fines and penalties for misconduct and/or other violations of Defendants' House Rules from such income, including but not limited to:

   a. A fine of at least $80.00 for lateness per each shift; and
   b. A fine of at least $100.00 for no-shows per each shift.

38. Defendants required Named Plaintiff to incur costs for costumes and other tools of the trade that were in reality business expenses of Defendants and which costs should have been reimbursed by Defendants, including but not limited to:

   a. Costumes;

   b. Hair/nails;

   c. Makeup; and

   d. Props.

39. The fees, fines, and expenses paid to Defendants by Named Plaintiff constitute *de facto* deductions and/or illegal kickbacks in violation of the FLSA.

40. Such deductions, in conjunction with Defendants' failure to pay any wages, reduced Plaintiff's wages below the statutory minimum.

41. As a result of Defendants' conduct, Named Plaintiff and Plaintiffs have suffered damages.

## COUNT I
### Violations of the Fair Labor Standards Act
**(Named Plaintiff and Collective Action Plaintiffs v. Defendants)**
**Failure to Pay Minimum Wage**

42. The foregoing paragraphs are incorporated herein in as if set forth in full.

43. At all times relevant herein, Defendants were and continue to be an "employer" within the meaning of the FLSA.

44. At all times relevant herein, Named Plaintiff and Collective Action Plaintiffs were/are "employees" within the meaning of the FLSA.

45. The FLSA requires employers, such as Defendants, to minimally compensate employees, such as Named Plaintiff and Collective Action Plaintiffs, at the federal minimum wage rate for each hour worked.

46. Defendants were not allowed to avail itself of the federal minimum wage rate under the FLSA.

47. Defendants, pursuant to their policies and practices, refused and failed to pay a minimum wage to Named Plaintiff and Collective Action Plaintiffs.

48. Defendants, pursuant to their policies and practices, unlawfully deducted wages by imposing fines or penalties for lateness or misconduct, and requiring Named Plaintiff and Collective Action Plaintiffs to incur expenses in carrying out duties assigned by Defendants, which resulted in reducing wages below the statutory minimum.

49. By failing to compensate Named Plaintiff and Collective Action Plaintiffs, Defendants violated, and continues to violate, their statutory rights under the FLSA.

50. As a result of Defendants' conduct, Named Plaintiff and Collective Action Plaintiffs have suffered damages.

## COUNT II
### Violations of the Pennsylvania Minimum Wage Act
**(Named Plaintiff and Pennsylvania Plaintiffs v. Defendants)**
**Failure to Pay Minimum Wage**

51. The foregoing paragraphs are incorporated herein as if set forth in full.

52. At all time relevant herein, Defendants were and continue to be "employers" within the meaning of the PMWA.

53. At all times relevant herein, Named Plaintiff and Pennsylvania Plaintiffs were/are "employees" within the meaning of the PMWA.

54. The PMWA requires employers, such as Defendants, to minimally compensate employees, such as Named Plaintiff and Pennsylvania Plaintiffs, at the state minimum wage rate for each hour worked.

55. Defendants failed to pay Named Plaintiff and Pennsylvania Plaintiffs the state minimum wage for hours they worked.

56. As a result of Defendants' failure to compensate Named Plaintiff and Pennsylvania Plaintiffs pursuant to the PMWA, Defendants have violated and continue to violate the PMWA.

57. As a result of Defendants' conduct, Named Plaintiff and Pennsylvania Plaintiffs have suffered damages.

## COUNT III
### Violations of the Pennsylvania Wage Payment Collections Law
**(Named Plaintiff and Pennsylvania Plaintiffs v. Defendants)**
**Unlawful Deductions**

58. At all time relevant herein, Defendants were and continue to be "employers" within the meaning of the PWPCL.

59. At all times relevant herein, Named Plaintiff and Pennsylvania Plaintiffs were/are "employees" within the meaning of the PWPCL.

60. At all time relevant herein, Defendants were responsible for paying wages to Named Plaintiff and Pennsylvania Plaintiffs.

61. Defendants violated the PWPCL by withholding wages for illegal deductions from Named Plaintiff and Pennsylvania Plaintiffs' pay.

62. Defendants, pursuant to their policies and practices, unlawfully deducted wages by imposing fines or penalties for lateness or misconduct, and requiring Named Plaintiff and Collective Action Plaintiffs to incur expenses in carrying out duties assigned by Defendants.

63. As a result of Defendants' conduct, Named Plaintiff and Pennsylvania Plaintiffs have suffered damages.

# COUNT IV
### Violations of Common Law
### (Named Plaintiff and Pennsylvania Plaintiffs v. Defendants)
### Unjust Enrichment

64. The foregoing paragraphs are incorporated herein as if set forth in full.

65. At all times relevant herein, Named Plaintiff and Pennsylvania Plaintiffs performed services for Defendants from which Defendants benefited.

66. Defendants failed to pay Named Plaintiff and Pennsylvania Plaintiffs the wages earned for work done for the benefit of Defendants.

67. Defendants failed to pay Named Plaintiff and Pennsylvania Named Plaintiff minimum wage for the hours they worked.

68. Defendants were unjustly enriched by not paying Named Plaintiff and Pennsylvania Plaintiffs any compensation for the work done for Defendants.

69. As a result of Defendants' conduct, Named Plaintiff and Pennsylvania Plaintiffs have suffered damages.

**WHEREFORE**, Plaintiffs pray that this Court enter an Order:

1) Certifying the instant action as a "collective action" pursuant to the Fair Labor Standards Act;

2) Enjoining Defendants from continuing to maintain their illegal policy, practice, or customs in violation of federal and state law;

3) Providing that Defendants are to compensate, reimburse, and make Plaintiffs whole for any and all pay and benefits they would have received had it not been for Defendants' illegal actions, including but not limited to past lost earnings.

4) Awarding Plaintiffs liquidated damages pursuant to the laws they are suing under

11

in an amount equal to the actual damages in this case;

     5)    Awarding Plaintiffs the costs and expenses of this action and reasonable legal fees as provided by applicable law;

     6)    Awarding Plaintiffs all other relief as the Court deems appropriate and just; and

     7)    Plaintiffs' claims are to receive a trial by jury.

Respectfully submitted,

*/s/ Joshua Boyette*
Joshua S. Boyette, Esq.
**SWARTZ SWIDLER, LLC**
1101 Kings Hwy N., Suite 402
Cherry Hill, NJ 08034
Phone: (856) 685-7420
Fax: (856) 685-7417
Email: jboyette@swartz-legal.com

Dated: February 8, 2019

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JESSICA WAGONER, *Individually and on behalf of all others similarly situated*,

        Plaintiff,

vs.

RED RAVEN PUB, *et al.*

        Defendants.

Civil Action No.

## CONSENT TO JOIN LAWSUIT

    I, the undersigned, hereby consent to be an Opt-In Party Plaintiff in the above-captioned matter which seeks to recover compensation for work that was not paid as required by the Fair Labor Standards Act. I was employed by Red Raven Pub as an Entertainer at some point during the last three (3) years. I wish to be included as a party and to be bound by any judgment in the claims being asserted against Red Raven Pub by former and current employees of Red Raven Pub and I hereby give consent to Swartz Swidler, LLC, to bring suit against Red Raven Pub on my behalf under the Fair Labor Standards Act. I further designate Swartz Swidler, LLC and the named plaintiffs as my agents in making decisions on my behalf in this litigation, including entering into settlement agreements pertaining to this matter.

Jessica Wagoner
_____
Full Name

Jessica Wagoner
_____
Street Address

870 E RT 130
_____
City, State, and Zip

Burlington NJ 08016
_____
Telephone Number

Signature: *Jessica Wagoner* (Feb 8, 2019)